EX PARTE STEPHEN MICHAEL MURPHY

NO. 07-00-0249-CV

IN THE COURT OF APPEALS FOR THE 

SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MAY 25, 2000

EX PARTE STEPHEN MICHAEL MURPHY,

Relator

ORIGINAL PROCEEDING

Before QUINN and REAVIS and JOHNSON, JJ.

Pending before the Court is a petition for writ of habeas corpus filed by Stephen Michael Murphy.  He contends that his liberty is being unlawfully restrained via a void enforcement order and as a result of a proceeding wherein he was denied his right to a jury.  By letter dated May 10, 2000, this court informed all interested parties of their opportunity to respond to the petition “not later than May 22, 2000.”  The only interested party who responded was the entity which initiated the enforcement proceeding, the 
Texas Attorney General.
(footnote: 1)  We grant the writ for the reason which follows.

Through his first point, Murphy argued that the enforcement order which mandated his incarceration was void.  It was allegedly void because the master who conducted the hearing which led to issuance of the order never informed him of his right to appointed counsel should he be indigent.  
See Ex parte Acker
, 949 S.W.2d 314, 316 (Tex. 1997) (holding that the failure to provide such an admonishment renders the ensuing commitment void).  In it’s response, the Attorney General agreed with Murphy and conceded that “the Court should grant the writ on the basis of Point of Error One.” 

Our independent review of the record confirmed that Murphy was not informed of his right to appointed counsel even though he indicated that he desired counsel.  Because of this, the enforcement order is void as per 
Ex parte Acker
.  

Accordingly, we conclude that the “Order Enforcing Child Support Obligation” signed on August 17, 1997 is void and we order Stephen Michael Murphy discharged.
(footnote: 2)

Brian Quinn

     Justice

Do not publish.

    

FOOTNOTES
1:
1
The proceeding consisted of an attempt by the Attorney General to enforce Murphy’s child support obligation imposed via a final divorce decree. 

2:
2
In doing so, we also remove the cause from our June 6, 2000 oral submission docket and decide the matter on the record and briefs.  Given that the State conceded error, oral submission is unnecessary.